UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIS D. LAWRENCE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL DRISCOLL, Secretary,<br>Department of the Army[1]<br><br>Defendant. | No. 2:23-cv-01717-TLN-JDP<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Stay Proceedings and Plaintiff's Administrative Motion to Continue Briefing and Hearing on Motion for Summary Judgment. (ECF Nos. 49, 54.)  For the reasons set forth below, the Motion to Stay is GRANTED and the Motion to Continue Briefing and Hearing is DENIED AS MOOT.

///

///

---

[1]    Daniel Driscoll has succeeded Christine Wormuth as the Secretary of the Department of the Army.  Consequently, the Court *sua sponte* substitutes Daniel Driscoll, Secretary, Department of the Army, as Defendant.  Fed. Rule. Civ. P. 25(d).

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 14, 2023, Demetris Lawrence ("Plaintiff") filed this employment discrimination action against the Secretary of the United States Department of the Army ("Defendant") alleging race discrimination and retaliation in violation of Title VII.  (ECF No. 1.)  Her claims arise out of unlawful treatment Plaintiff alleges she suffered from 2017 through 2020 while working for the Army's Civilian Human Resources Agency ("CHRA").  (ECF No. 27 at 2-16.)  Plaintiff filed for Chapter 13 bankruptcy in 2017 and the Bankruptcy Court confirmed her Chapter 13 reorganization plan in January 2018.  (ECF No. 49 at 5.)  Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEO") in 2018 but withdrew it.  (*Id.*)  She filed another complaint with the EEO in March 2019.  (*Id.*)  In March 2020, Plaintiff began collecting disability for what she alleges was "the emotional distress she experienced in the workplace."  (*Id.*)  In September 2020, she was granted early medical disability retirement.  (*Id.*)  In 2025, after an Administrative Law Judge found her eligible for Social Security disability benefits, the federal government discharged her $793,972 of student debt.  (*Id.*)  Approximately $20,000 in unpaid consumer debts remains in her Chapter 13 reorganization plan.  (*Id.*)

On May 28, 2026, Defendant filed a Motion for Summary Judgment ("MSJ") arguing that Plaintiff's claims are judicially estopped by her failure to list her Title VII claims as assets when she filed for bankruptcy.  (ECF No. 48.)

Plaintiff filed the instant Motion for Stay on June 2, 2026, requesting that the Court stay these proceedings for 120 days to give her time to reopen her bankruptcy case and amend the schedules to reflect the existence of her Title VII claims.  (ECF No. 49.)  Defendant filed an opposition on June 8, 2026.  (ECF No. 51.)  Plaintiff filed a motion to continue the briefing schedule and hearing on the MSJ on June 12, 2026.[3]

///

---

[2]    The Court summarizes only those aspects of the procedural history relevant to its disposition of the Motion for Stay.

[3]    As explained below, the Court grants Plaintiff's Motion for Stay and vacates the briefing schedule on the MSJ.  Thus, this motion is moot.

## II.   STANDARD OF LAW

While "[a] bankruptcy filing imposes an automatic stay of all litigation against the debtor," *In re Tucson Ests., Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990), "it does not prevent entities against whom the debtor proceeds in an offensive posture—for example, by initiating a judicial or adversarial proceeding—from 'protecting their legal rights.'" *In re Fin. News Network Inc.*, 158 B.R. 570, 573 (S.D.N.Y. 1993) (*quoting Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989)). "[Closing] a bankruptcy case generally terminates the automatic stay. . . . Reinstatement of a case restores the automatic stay. Most reported decisions reimpose the automatic stay only prospectively." *In re Sewell*, 345 B.R. 174, 179 (B.A.P. 9th Cir. 2006).

When a Court exercises its discretion to grant a stay "the factors regulating the issuance of [the] stay are . . . (1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## III.   ANALYSIS

As set forth above, the filing of a bankruptcy petition generally imposes an automatic stay on litigation against the debtor. However, these automatic stays generally do not apply to actions brought by the debtor. *See Fin. News Network*, 158 B.R. at 573 (*quoting Martin–Trigona*, 892 F.2d at 577). Furthermore, they do not last beyond the life of the case, and are only imposed prospectively if the case is reinstated.

Thus, the Court applies the general four factor test for issuing a discretionary stay in analyzing Plaintiff's Motion for Stay. *See Hilton*, 481 U.S. at 776.

### A.   Likelihood of Success on the Merits

The parties' arguments focus on the application of judicial estoppel, which is also the sole ground for Defendant's MSJ. (ECF Nos. 49, 51.)

Plaintiff argues that whether she will be able to amend her bankruptcy filing is "[a] key

3

question on defendant's summary judgment motion," and cites cases finding that a stay was the proper remedy when a party had inadvertently failed to include assets in prior bankruptcy filings. (ECF No. 49 at 7–8.)  Defendant responds that "the only relevant questions are whether [Plaintiff] knew of the EEO administrative proceeding while her bankruptcy petition was pending and whether she had a motive to conceal the claim" and that "the answer to both of these questions is yes." (ECF No. 51 at 4.)

The Court concludes that Plaintiff has the better of the argument.

Defendant's contention is the exact one that the Ninth Circuit rejected in *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013):

> Defendant argued repeatedly to the district court that, to overcome Plaintiff's inadvertence argument, all it had to show was that Plaintiff (1) knew of her claim and (2) had a motive to conceal the claim from the bankruptcy court. . . . [W]hen the plaintiff-debtor has reopened the bankruptcy proceedings and has corrected the initial filing error, the narrow interpretations of "mistake" and "inadvertence" do not apply. If Plaintiff's bankruptcy omission was mistaken, the application of judicial estoppel in this case would do nothing to protect the integrity of the courts, would enure to the benefit only of an alleged bad actor, and would eliminate any prospect that Plaintiff's unsecured creditors might have of recovering. In these circumstances, rather than applying a *presumption* of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood.

*Id.* at 271–276.

To support his position, Defendant cites only *Callender v. U.S. Postal Service*, No. 2:18-cv-00025-JAM-CKD, 2018 WL 3701969 (E.D. Cal. Aug. 2, 2018).  In *Callender*, the basis for the Court granting summary judgment was "that plaintiff did not reopen his bankruptcy proceeding." *Id.* at *5.  Here, Plaintiff seeks a stay for the very purpose of reopening bankruptcy proceedings.

Plaintiff has submitted a declaration stating that she "did not know [she] would later have any claim against the Department of the Army when [she] filed [her bankruptcy petition], or later in January of 2018, when the Chapter 13 plan was confirmed." (ECF No. 49-1 at 2.)  In response, Defendant offers only the bare assertion that Plaintiff had a "motive to conceal the claim." (ECF No. 51 at 4.)  In the absence of contrary evidence, at this juncture, the Court credits Plaintiff's

4

assertion of mistake/inadvertence — particularly because, as a pro se litigant, she was navigating the complex landscape of bankruptcy and employment discrimination law without legal counsel. (ECF No. 49 at 5.)  Moreover, if Plaintiff reopens her bankruptcy proceedings and corrects the omission of this suit she will have "obtained no advantage at all, because . . . she did not obtain any benefit whatsoever in the bankruptcy proceedings."  *Ah Quin*, 733 F.3d at 274.

Despite the parties' focus on the issue, it would not follow from a conclusion that judicial estoppel does not bar the instant suit that Plaintiff is likely to succeed on the merits of her underlying claims.[4]  At this juncture, however, the Court is satisfied that Plaintiff has proffered sufficient evidence to establish a likelihood of success on the merits, particularly where the only substantive defense Defendant has offered thus far is judicial estoppel.[5]

B.  <u>Irreparable Injury to Applicant</u>

Defendant avers that Plaintiff "would not be irreparably injured or suffer any inequity should the case be required to go forward. . . . [because] the only deadline affected by staying this case is [Plaintiff]'s deadline to file an opposition to [Defendant's] pending motion for summary judgment."  (ECF No. 51 at 4.)

This argument misses the mark.

As Plaintiff correctly points out, "unless [she] is provided an opportunity to reopen [her bankruptcy] case, 'her failure to amend or reopen her filing to correct the errors [would] prevent her from claiming mistake or inadvertence.'"  (ECF No. 49 at 7 (*quoting Jones-Riley v. Hewlett Packard Co.*, No. 2:13-CV-00125-TLN, 2015 WL 300703, at *5 (E.D. Cal. Jan. 22, 2015)).)

Defendant also argues that "[n]othing precludes [Plaintiff] from reopening her bankruptcy proceedings while the parties brief the motion for summary judgment."  (ECF No. 51 at 4 n.3.)

---

[4]    Even though the inverse would certainly hold: *i.e.* if judicial estoppel did apply Plaintiff would not be likely to succeed on the merits.

[5]    The Court previously granted in part and denied in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  (ECF No. 26.)  A second Partial Motion to Dismiss (ECF No. 30) is currently pending, but was stayed pursuant to stipulation of the parties in order to allow for a settlement conference.  (ECF No. 42.)  That settlement conference was completed on May 27, 2026 without a resolution.  (ECF No. 47.)  The Court expresses no view on the merits of the Partial Motion to Dismiss at this time.

5

There is no guarantee, however, that the Bankruptcy Court would complete the process within the briefing schedule, or that the trustee would have time to consider whether to "administer the unscheduled claims." *Dunmore v. United States*, 358 F.3d 1107, 1113 n.3 (9th Cir. 2004).

Thus, Plaintiff will suffer irreparable injury absent a stay.

### C. Injury to Other Parties

Defendant argues: he would suffer prejudice from a stay, Plaintiff would not benefit from a stay, and no other party would benefit from the stay. (ECF No. 51 at 4–5.)

As explained above, the Court concludes that Plaintiff *would* benefit from a stay. Additionally, allowing Plaintiff to amend her bankruptcy schedules will permit the trustee to evaluate whether to pursue the claim on behalf of her creditors. *See Dunmore*, 358 F.3d 1113 n.3.

The only prejudice Defendant identifies is the resulting "delay of the resolution of this case." (*Id.* at 5.) The Court is not convinced that any such prejudice would overcome the factors militating in favor of the stay, but is inclined to agree with Defendant that Plaintiff "has not adequately justified why a 120-day stay is necessary." (*Id.* at 5 n.4.) "Plaintiff anticipates that she will need no more than three weeks to retain a bankruptcy attorney, 30 days thereafter to reopen the bankruptcy case, and 45 days to file amended schedules and allow the Trustee time to review the claim." (ECF No. 49 at 9.) The Court does not find this timeframe reasonable, and will accordingly issue a stay for 90 days without prejudice to Plaintiff filing a further motion for stay if proceedings in the Bankruptcy Court are still ongoing.

The Court finds that a limited stay for 90 days will not unduly prejudice Defendant.

### D. Public Interest

Finally, Defendant strenuously argues that the public interest weighs against a stay because the majority of her debt was owed to the federal government and her "argument that the government is attempting to somehow prevent repayment of these debts to itself is not credible." (ECF No. 51 at 5.) Plaintiff has made no such argument. She is asking the Court to stay these proceedings while she amends her filings in the Bankruptcy Court.

Defendant further argues that: 1) Plaintiff underreported her income to the Bankruptcy Court and 2) the Court has the power to grant summary judgment against Plaintiff without barring

a subsequent claim on behalf of her creditors.  (*Id.* at 5–6.)

Defendant's first argument is properly addressed to the Bankruptcy Court itself.  *See Ah Quin*, 733 F.3d at 275 ("[T]he bankruptcy system already provides plenty of protections. The bankruptcy court or trustee may reopen a case if it uncovers deception . . . . A case may be reopened even if it has long been closed. . . . A bankruptcy court or trustee can impose sanctions, including denial of a discharge. . . . And, of course, a case may be referred to the United States Attorney's office for criminal prosecution.")

Defendant's second argument is misplaced.  Whether the Court has the option to judicially estop only Plaintiff and not her creditors from pursuing a claim is secondary to the question of whether a full adjudication of that claim is possible without allowing her to amend her bankruptcy filings.

Thus, the Court concludes that a stay is in the public interest.

### IV.    CONCLUSION

The Court finds all four factors weigh in favor of a brief stay to afford Plaintiff time to reopen her bankruptcy case and amend the bankruptcy schedules.

For the foregoing reasons, Plaintiff's Motion to Stay (ECF No. 49) is GRANTED.  These proceedings are STAYED for 90 days, without prejudice to Plaintiff filing a further motion for stay if proceedings in the Bankruptcy Court are still ongoing at that time.  The hearing and briefing schedule on Defendant's MSJ are hereby VACATED.  Within 90 days of the date of this Order, the parties shall file a joint status report advising the Court as to the status of bankruptcy proceedings and propose a stipulated briefing schedule for Defendant's MSJ.

Plaintiff's Motion to Continue Briefing and Hearing on Motion for Summary Judgment (ECF No. 54) is DENIED as moot.

The Clerk of Court is directed to substitute Daniel Driscoll, Secretary, Department of the Army, as Defendant, for Christine Wormuth.  Fed. Rule. Civ. P. 25(d).

IT IS SO ORDERED.

//

//

7

Dated: June 15, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE